UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THEODORE HOOKS,

    Plaintiff,

v.

MICHAEL CHERTOFF, Secretary, Department of Homeland Security,

    Defendant.

02:05-CV-01541-LRH-RJJ

ORDER

    Presently before the court is defendant Michael Chertoff's ("Chertoff") Motion to Dismiss (# 13[1]). Plaintiff Theodore Hooks ("Hooks") has filed an opposition (# 15), and Chertoff replied (# 16).

**I. Factual Background**

    During the time relevant to this litigation, Hooks was a screener for the Transportation Security Agency, an agency within the Department of Homeland Security. In November, 2003, Hooks was called a monkey by an employee. Following this incident, he filed an Equal Employment Opportunity ("EEO") Complaint and was placed on administrative leave for six weeks. No action was taken against the employee who made the alleged racial comment.

    When Hooks returned to work, he was allegedly demoted. In addition, from January 17,

---

[1] Refers to the court's docket number.

2004, to approximately February 23, 2004, David Lamb, Transportation Security Supervisor, allegedly harassed, intimidated, and retaliated against Hooks by making monkey gestures and monkey sounds.  As a result of this conduct, Hooks filed the present action alleging violations of Title VII of the Civil Rights Act of 1964.

## II. Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  "While a district court must normally ignore those matters that lie outside the pleadings, it may consider: (1) documents physically attached to the complaint; (2) documents of undisputed authenticity that are alleged or referenced within the complaint; and (3) public records and other judicially noticeable evidence." *Fleeger v. Bell*, 95 F.Supp.2d 1126, 1129 (D. Nev. 2000) (citations omitted).

There is a strong presumption against dismissing an action for failure to state a claim.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)).  Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

## III. Discussion

Chertoff is seeking to dismiss this action arguing that Hooks has failed to state a claim

because he failed to timely exhaust his administrative remedies.  In opposition, Hooks filed six exhibits that purportedly show he timely filed his administrative complaint.

The Code of Federal regulations require an aggrieved federal employee who believes he has been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap to initiate contact with a counselor within forty-five days of the discriminatory action.  29 C.F.R. § 1614.105.  The forty-five day "'time limit is treated as a statute of limitations for filing suit and is subject to waiver, equitable tolling, and estoppel.'" *Johnson v. United States Treasure Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (citing *Miles v. Dep't of the Army*, 881 F.2d 777, 780 (9th Cir. 1989)); *See also Vinieratos v. United States Dep't of Air Force through Aldridge*, 939 F.2d 762, 767-68 (9th Cir. 1991) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit.").  A federal employees failure to timely initiate contact with a counselor can be fatal to his discrimination claim.  *Id*.

In this case, Chertoff asks the court to take judicial notice of an administrative decision dismissing Plaintiff's complaint and the final order on that complaint.  Rule 201 of the Federal Rules of Evidence permits this court to take judicial notice of adjudicative facts.  Fed. R. Evid. 201(a).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  As materials from proceedings in other tribunals are appropriate for judicial notice, *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), this court will take judicial notice of these documents.

On August 5, 2005, an administrative judge dismissed Hooks's Complaint for failure to initiate contact with an EEO counselor within forty-five days of the alleged discriminatory action.  (Mot. to Dismiss (# 13), Decision Dismissing Compl., Ex. A.)  The Department of Homeland Security affirmed the administrative judge's decision on September 19, 2005.  (Mot. to Dismiss (#

3

13), Decision Dismissing Compl., Ex. A.)  The court finds that these judicially noticed facts do not conclusively show that Hooks failed to exhaust his administrative remedies.  Although the administrative judge concluded that Hooks did not timely initiate contact with a counselor, the evidence relied on by the administrative judge is not before this court.  Looking at the undisputed facts in the light most favorable to Hooks, the court cannot say, at this time, that it appears beyond doubt that Hooks can prove no set of facts in support of his claim that would entitle him to relief.  In this case, the question of whether Hooks failed to exhaust his administrative remedies is better resolved in a motion for summary judgment.

      IT IS THEREFORE ORDERED that Chertoff's Motion to Dismiss (# 13) is hereby DENIED.

      IT IS SO ORDERED.

      DATED this 22nd day of February, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE